Leota Meyers v. Commissioner. H. Harry Meyers v. Commissioner.
Meyers v. Commissioner
Docket Nos. 107058, 107059.
United States Tax Court
1946 Tax Ct. Memo LEXIS 235; 5 T.C.M. (CCH) 211; T.C.M. (RIA) 46074; March 31, 1946
*235 Earl C. Crouter, Esq., and A. J. Hurley, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: These duly consolidated cases involve deficiencies in income tax and fraud penalties as shown below: Docket
Petitioner
No.
Year
Deficiency
50% Penalty
1935
$ 5,436.99
$ 2,718.49
Leota Meyers
107058
1936
18,428.27
9,214.14
1937
517.97
258.99
Totals
$24,383.23
$12,191.62
1935
$ 5,434.29
$ 2,717.15
H. Harry Meyers
107059
1936
18,428.28
9,214.14
1937
499.33
249.66
Totals
$24,361.90
$12,180.95
Two questions are presented for our determination - (1) Did the respondent correctly determine income tax deficiencies due from the respective petitioners for the taxable years 1935, 1936, and 1937? (2) Are any part of these deficiencies due to fraud with intent to evade taxes, so that the 50 percent penalty asserted against each petitioner for each of the taxable years should be sustained? Findings of Fact The petitioners, husband and wife, are residents of Los Angeles, California. They filed separate income tax returns for the taxable *236 years involved on a community property basis with the collector of internal revenue at Los Angeles. In these returns they reported gross income, net income and taxes due as follows: H. Harry
1935
Leota Meyers
Meyers
Gross
$5,255.14
$ 5,065.14
Net Income
5,180.14
4,990.14
Tax
135.35
129.65
1936
Gross
78.83
78.83
Net Income
78.83
78.83
Tax
none
none
1937
Gross
$144.00
$17,500.00
Net Income
144.00
Loss (1,685.02)
Tax
none
none
For the corresponding years the bank account of H. Harry Meyers showed as follows: 1935
Gross deposits
$152,020.28
Gross deposits less exchanges,
transfers, etc.
44,024.00
1936
Gross deposits
$156,176.09
Gross deposits less exchanges,
transfers, etc.
118,900.00
1937
Gross deposits
$ 8,836.58
Gross deposits less exchanges,
transfers, etc.
1,800.00
For the three pertinent years there were large deposits in Harry Meyers bank account, the source of which the said Harry Meyers was unable to explain: 1935
$ 53,174.00
1936
145,518.00
1937
1,800.00
After repeated assignments and continuances this case was finally assigned for hearing on October 1, 1945, at *237 Los Angeles, California. On October 2, 1945, when the case was called, the respondent appeared by counsel but neither of the petitioners, nor any one in their behalf, appeared. The Clerk of the Court communicated with a former representative of the petitioners and was advised that this representative had received oral information that the petitioners intended to let the proceeding go by default. Thereupon the respondent made a motion for a judgmention the deficiency. This motion was granted and the case continued for hearing on the question of the imposition of a penalty growing out of the charges of fraud in the preparation and filing of the three tax returns by the petitioners. Petitioner Harry Meyers in 1934 associated himself with two other men and organized three corporations, Peoples Gas & Oil Co., Peoples Gas & Oil Corp., and Peoples Gas & Oil Development Co. The purpose of the latter company was to promote the sale of oil leases on small tracts of land aggregating 135,000 acres in the State of Washington. The plan was to interest approximately 33,000 individual investors. The total sales resulting from this promotion amounted to $2,850,000, of which approximately $2,000,000 *238 was collected between April 1932 and October 1936. During all of this time H. Harry Meyers was actively associated with this work and presumably engaged in the development of an oil well on one of the tracts. At one time Meyers had some of the stock of this company in his personal name but later this stock was transferred to other names. There is convincing evidence, however, that Meyers collected substantial dividends or other income from this company by circuitous routes. On July 6, 1935, checks were issued by Peoples Gas & Oil Company to Lou Roth, B. Blank, and M. M. Black totaling $18,260.94, the checks being purportedly issued in payment of certain notes. They were, however, subsequently endorsed by the payees and by Lou Roth and deposited in the latter's bank account on July 10, 1935. On July 11th this identical amount was withdrawn by Roth and on the same day Harry Meyers deposited $18,000 in cash in his own bank account. Again on January 20, 1936, Peoples Gas & Oil Company issued a dividend check to Louis Roth for $1,792. There was also issued to M. M. Black a dividend check in the amount of $5,512, to Louis W. Einzig in the amount of $640 and to B. Blank in the amount of $1,792. *239 The last three checks, totaling $7,944, were endorsed by the payees and by Mr. Roth and deposited in Roth's bank account. Three days later Mr. Roth purchased two cashiers checks, one in the amount of $1,792 and the other amounting to $7,944, being the exact amounts deposited by the four checks aforesaid. On January 23 and 24, 1936, petitioner Leota Meyers deposited these identical cashiers checks to the account of H. Harry Meyers while Lou Roth waited for her at the door of the bank. The examiner, during the examination of Harry Meyers' income tax return, repeatedly endeavored to get from the said Harry Meyers an explanation of the extensive amount of his unidentified bank deposits but the said Harry Meyers refused to give any explanation thereof. Opinion The petitioners herein, by their default, have shown either inability or lack of desire to give any explanation of the charges of fraud presented by the Commissioner and substantiated by the facts introduced at the hearing. Relatively large amounts of bank deposits compared to the admitted small gross income of these two petitioners as shown by their income tax returns would in itself present substantial evidence that such tax *240 returns are fraudulent. ; , affirmed . The record therefore clearly shows that during the taxable years both of the petitioners, and particularly H. Harry Meyers received large amounts of money which were deposited in his bank accounts; and there is direct evidence that at least some of such deposits emanated from the People's Gas & Oil Co. and related enterprises. The tax returns filed by the petitioners wholly fail to include or account for any of such deposits. The respondent, on the other hand, has excluded all identifiable nontaxable items. The tax deficiencies determined by the respondent are presumptively correct, and such determinations of deficiencies have not been overcome by any evidence whatever. In fact, no contrary evidence has been submitted. The deficiencies, therefore, are sustained. The record also clearly shows that the returns filed by the petitioners are false and fraudulent with intent to evade the taxes determined by the respondent, and that the tax deficiencies are due to fraud with intent to evade such taxes, so that the statutory *241 50 percent fraud penalties also are due. Judgment will be entered for the respondent.